IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV498 |
| | ) | |
| v. | ) | |
| | ) | |
| DR. STEPHEN O'NIEL, and | ) | **MEMORANDUM** |
| CHEYENNE COUNTY MENTAL | ) | **AND ORDER** |
| HEALTH BOARD, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of the Complaint and for a determination of whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  Summary of Complaint

Plaintiff filed his Complaint on December 31, 2007, naming as Defendants Dr. Stephen O'Niel and the Cheyenne County Mental Health Board ("Mental Health Board"). (Filing No. 1.) Plaintiff generally alleges that Dr. O'Niel lied under oath by testifying that the Norfolk Regional Center had a sex offender treatment program in July of 2004. (*Id*. at CM/ECF p. 4.) Plaintiff then incoherently identifies documents that were given to the Mental Health Board stating, for example, "Document's listed under Exhibit 1 to mental health board provided by Plaintiff were given to the Board. Regarding: Breaching of Confidentiality, with U.S. Department of Justice Investigation Findings." (*Id*.)

Plaintiff goes on to state that the Cheyenne County Attorney "uphold's Dr. O'Niel's testimony . . . that the safest environment is in deed the Norfolk Regional Center." (*Id*. at CM/ECF p. 5.) Plaintiff states that the documents that were provided

to the Mental Health Board "provides Federal violations and medical negligence was authorized by Dr. Stephen O'Niel or his co-workers." (*Id.*) Plaintiff asserts that "fear of mental health and physical well being was in deed in jeopardy by providing documents." (*Id.*) Plaintiff states that the lack of a second doctor's opinion at the hearing has placed his mental health and physical well being in jeopardy. (*Id.*)

Plaintiff requests that this court grant his release from "the Cheyenne County Mental Health Board and have all files sealed with full citizenship reinstated." (*Id.*)

## II. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's

allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. Discussion of Claims

The court has carefully reviewed the Complaint. As set forth above, Plaintiff's allegations are sparse and incoherent. Nowhere in the Complaint does Plaintiff allege that he was deprived of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Additionally, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced." *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

While not at all clear, it appears that Plaintiff is attempting to challenge commitment proceedings held in front of the Cheyenne County Board of Mental Health. However, Plaintiff's claims are so non-specific that, even liberally construed, the court cannot determine any claim on which Plaintiff may proceed. Plaintiff's Complaint therefore fails to state a claim upon which relief may be granted.

On the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint in accordance with this Memorandum and Order. Plaintiff is warned, however, that the validity of Plaintiff's confinement or the particulars affecting its duration are the province of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).[1] Thus, if

---

[1] The principles and objectives expressed in *Heck* apply to a person subject to an involuntary civil commitment. *See Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991); *Flowers v. Leean*, No. 99-2999, 2000 WL 554518 at *2 (7th Cir. May 3, 2000), *cert. denied*, 531 U.S. 866 (2000) (holding that the plaintiff, serving

Plaintiff wishes to pursue claims for damages against any person instrumental in procuring his involuntary commitment, he may not do so in this court until he has first successfully invalidated that commitment in an appropriate proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **April 14, 2008** to amend his Complaint to clearly state a claim on which relief can be granted against Defendants Dr. Stephen O'Niel and the Cheyenne County Mental Health Board. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice.

2. No summons will be issued until after the amendment of the Complaint in accordance with this Memorandum and Order.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **April 14, 2008**.

4. The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

---

an indeterminate civil commitment under Wisconsin's sexual predator law, "is not entitled to sue for damages for his allegedly unconstitutional confinement until he shows that the order of commitment has already been invalidated").

March 18, 2008. BY THE COURT:

*s/Richard G. Kopf*
United States District Judge