IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANDREW A. HERZOG,                    )
                                     )
                    Plaintiff,       )          8:07CV498
                                     )
         v.                          )
                                     )        **MEMORANDUM**
LEANNE WICHE, LPN Norfolk            )         **AND ORDER**
Regional Center,                     )
                                     )
                    Defendant.       )

This matter is before the court on Plaintiff's Motions for Leave to Amend his Complaint. (Filing No. 13 & Filing No. 14.) In his motions, Plaintiff states that he would like to add Dr. Stephen O'Niel as a Defendant to this action. (*See* Filing No. 13 at CM/ECF p. 1; Filing No. 14 at CM/ECF p. 1.) Plaintiff states that he would like to sue O'Niel in his official capacity. (Filing No. 13 at CM/ECF p. 1; Filing No. 14 at CM/ECF p. 1.) Plaintiff states that he would like to add O'Niel as a party because he authorized the use and administration of "Heldol, Benadryl, And Ativan shot's During My custody in the Norfolk Regional Center." (Filing No. 14 at CM/ECF p. 1.) Plaintiff also asks the court to enter orders "so that my stay in the Norfolk Regional Center during this Process is More Reasonable." (*Id*.) Among other things, Plaintiff asks the court to order the Norfolk Regional Center to provide Plaintiff with bi-weekly visits to a chiropractor and provide Plaintiff with a private room, furniture and personal clothing. (*Id*.)

Federal Rule of Civil Procedure 15(a) allows a party to "amend its pleading once as a matter of course: (A) before being served with a responsive pleading. . . ." The rule goes on to state that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). NECivR 15.1(a) states that:

> [a] party who moves for leave to amend a pleading (including a request
> to add parties) shall file as an attachment to the motion an unsigned copy
> of the proposed amended pleading.  Except as provided in these rules or
> by leave of court, the proposed amended pleading must be a complete
> pleading which, if allowed to be filed, supersedes the pleading amended
> in all respects . . . .

In pro se cases the court may "in its discretion consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading." NECivR 15.1(b).

Here, Plaintiff has already been given the opportunity to amend his Complaint and has filed with the court an Amended Complaint. (*See* Filing No. 10 & Filing No. 11.)  Therefore, because Plaintiff has already amended his Complaint once, Plaintiff must obtain an order from this court to amend his Complaint.  However, because Plaintiff did not attach to his motion an unsigned copy of the proposed amended pleading, his Motions to Amend are denied without prejudice to reassertion in accordance with the Court's Local Rules. *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (stating "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law").

With respect to Plaintiff's request that this court enter declaratory and injunctive orders regarding his conditions of confinement at the Norfolk Regional Center, this request is denied as premature at this stage in the proceedings.

IT IS THEREFORE ORDERED that:  Plaintiff's Motions to Amend (Filing No. 13 & Filing No. 14) are denied without prejudice to reassertion in accordance with this Memorandum and Order.

2

June 3, 2008.                    BY THE COURT:

                                 s/ *Richard G.  Kopf*
                                United States District Judge