IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:07CV498 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| LEANNE WICHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On July 1, 2008, the court granted Plaintiff leave to file a second amended complaint "to add an additional Defendant,[1] to sue Defendant Wiche in her individual capacity, and to add additional claims against Defendant Wiche." (Filing 19, at CM/ECF p. 1.) The court's order provided, in part, that:

> The second amended complaint must include all claims and all defendants. This means Plaintiff must restate all of the claims in his Amended Complaint and any additional claims and defendants and what capacity Plaintiff is suing each defendant. Plaintiff cannot rely on any prior submissions to the court to represent his claims. The failure to consolidate all claims into one document could result in the abandonment of claims.

(*Id.*, at CM/ECF p. 3.)

Plaintiff filed a second amended complaint on July 8, 2008, in which he stated that Defendant Wiche is being sued for damages in her "personal version" for:

  1. Willingness to attempt murder by forcibly injecting Plaintiff with medications in Plaintiff is alergic to.

---

[1] As will be discussed below, Plaintiff actually sought leave to add 3 new defendants. The court's order should have so stated.

2. Telling Plaintiff, "it's a doctor's order so I don't care if your alergic to it or not." even after Plaintiff pleaded "you inject me with that and you'll kill me."

3. Telling Plaintiff that he's a liar about preexisting medical conditions in turn allowing medical negligence to take place.

4. Manipulating Doctor O'Niel to up doses of medications in which Plaintiff is alergic to.

5. Using threat's to impose restriction's of close observation order's and unit restrictions due to not comply with taking medications in which Plaintiff is alergic to or has adverse effect's from.

6. Willingness to break the United State Constitution's Bill of Rights through manipulation of enforcing phone and mail restriction's by getting Doctor O'Niel to write such orders.

7. Willingness to allow abuse/neglect to take place through getting doctor Stephen O'Niel to write restriction's based on her personal opinion on medical condition's that Plaintiff has.

8. Willingness to discriminate me based on Plaintiffs disabilities by stating that "your alway's lying..how can anybody believe you. your a hypochondriact and you illness is untreatable get over it."

9. Violation of the right to receive proper medical care for feet, eyeglasses, and other medical conditions.

10. Violation of the right to a safe and secured environment through imposing abuse/neglect to take place from other's by blaming Plaintiff for antagonizing others and herself to impose U.S. Constitutional right violations.

(Filing 23, at CM/ECF pp. 31, 32 (spelling, grammar, and punctuation as in original).)

The second amended complaint also includes claims against Paul Schaub (*id.*, at CM/ECF pp. 2-4), Tom Soontug (*id.*, at CM/ECF pp. 5-7), Stephen O'Niel (*id.*, at CM/ECF pp. 8-10), and 22 other defendants (*id.*, at CM/ECF pp. 11-60). In his motion to amend, Plaintiff only asked leave of court to add Schaub, Soontug, and O'Niel as defendants, in their "personal version[s]." (Filing 16, at CM/ECF p. 1.) In its order granting leave to amend, the court did not intend to authorize Plaintiff to include another 22 additional defendants when filing his second amended complaint. Accordingly, all defendants except Wiche, Schaub, Soontug, and O'Niel will be dismissed from the action, without prejudice to Plaintiff's right to file another motion for leave to amend under Federal Rule of Civil Procedure 15, to file a motion to add a party under Federal Rule of Civil Procedure 21, or to file a separate action against any party. If Plaintiff files a motion for leave to amend or to add a party in this action, a proposed pleading must be attached, as required by our local rules.[2]

Under Federal Rule of Civil Procedure 4(m), each defendant must be served with summons within 120 days after the filing of the complaint. Because Schaub, Soontug, and O'Niel were not named as defendants until the filing of the second amended complaint on July 8, 2008, Plaintiff has 120 days from that date, or until November 5, 2008, to serve them with summonses.[3] See *Carmona v. Ross*, 376 F.3d

---

[2] "A party who moves for leave to amend a pleading (including a request to add parties) shall file as an attachment to the motion an unsigned copy of the proposed amended pleading. Except as provided in these rules or by leave of court, the proposed amended pleading must be a complete pleading which, if allowed to be filed, supersedes the pleading amended in all respects; no portion of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend shall set forth specifically the amendments proposed to be made to the original pleading, state whether the motion is unopposed, and identify the amendments in the proposed amended pleading." NECivR 15.1(a).

[3] Stephen O'Niel was named as a defendant in Plaintiff's original and first amended complaints, but was dismissed from the action on May 1, 2008, for failure to state a claim upon which relief can be granted. (Filing 12.)

829, 830 (8th Cir. 2004). However, because Plaintiff was not specifically instructed in the court's previous order that he was required to obtain service on these new defendants, he will be allowed an additional 30 days, until December 5, 2008, to complete the service. I will direct the Clerk of the court to provide Plaintiff with three summonses and three Form 285s for such purpose, and will authorize the United States Marshal to serve the summonses on Defendant Schaub, Soontug, and O'Niel. If service is not completed by December 5, 2008, they may be dismissed from the action without further notice.

Defendant Wiche has filed a motion to dismiss the second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6), or, in the alternative, to strike portions of the pleading pursuant to Federal Rule of Civil Procedure 12(f). (Filing 29.) This motion will be granted in part and denied in part.

Defendant Wiche first contends that any official-capacity claims alleged against her should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. I do not reach this jurisdictional issue because I find that no claims are alleged against Defendant Wiche in her official capacity in the second amended complaint. In the court's previous order, Plaintiff was twice warned that he would need to state "[in] what capacity Plaintiff is suing each defendant" and also that he "cannot rely on any prior submissions to the court to represent his claims." (Filing 19, at CM/ECF p. 2.) Whereas the court construed Plaintiff's first amended complaint as having been brought against Defendant Wiche strictly "in her official capacity as a Nebraska Department of Health and Human Services employee" (filing 12, at CM/ECF p. 5), Plaintiff's second amended complaint only includes allegations against Defendant Wiche in her "personal version." The official-capacity claims have been abandoned.

Defendant Wiche next argues that the action against her should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction, or under Rule 12(b)(5) for improper service. It appears that Defendant Wiche was served with a summons on

4

June 27, 2008, by certified mail addressed to her place of employment, the Norfolk Regional Center, but that she did not personally sign the return receipt. (Filing 20.) Defendant Wiche contends that she has not been properly served in her individual capacity because the summons was not mailed to her home address, as purportedly required by Neb. Rev. Stat. § 25-508.01. That statute, however, merely provides that "[a]n individual party . . . may be served by personal, residence, or certified mail service." Neb. Rev. Stat. § 25-508.01(1) (West, WESTLAW through 2007 legislative session). Under Nebraska law, certified mail service is made by "sending the summons to the defendant by certified mail with a return receipt requested showing to whom and where delivered and the date of delivery[.]" Neb. Rev. Stat. § 25-505.01(1)(c) (West, WESTLAW through 2007 legislative session). There is no requirement that the summons be mailed to a defendant's home address. Although Defendant Wiche did not personally sign the certified mail receipt, there has been no showing that the individual who signed the receipt was not authorized to accept the mailing on behalf Defendant Wiche, or that the mailing was not forwarded to her. Because it appears that Defendant Wiche received actual notice of the action, and there has been no showing that she was prejudiced by the manner of service, I will deny the motion to dismiss filed pursuant to Rule 12(b)(2) and (5). *See, e.g., Centennial Molding, LLC v. Tote-A-Lube*, No. 8:05CV175, 2005 WL 2076509, *3-4 (D.Neb. Aug. 26, 2005) (certified mail service effective where defendant received actual notice of action).

For her Rule 12(b)(6) motion, Defendant Wiche generally argues that her alleged wrongful acts do not amount to a constitutional violation, and also that she is entitled to qualified immunity because she did not violate any clearly established constitutional rights. On initial review of Plaintiff's first amended complaint, I found that "Plaintiff claims that Defendant Wiche violated his due process rights by forcibly injecting him with antipsychotic medications to which he is allergic. Plaintiff has set forth enough facts to nudge his claims against Defendant Wiche across the line from conceivable to plausible." (Filing 12, at CM/ECF pp. 4-5.) This finding remains true with respect to the second amended complaint, even though it may contain fewer facts

5

than the previous pleading. Liberally construed, the second amended complaint expands upon this substantive due process claim by alleging that Plaintiff was placed under certain restrictions, deprived of proper medical care, and not provided with a safe living environment. Persons involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment entitling them to safety, freedom from bodily restraint, and adequate care while in confinement. *Youngberg v. Romeo*, 457 U.S. 307 (1982). The allegations made against Defendant Wiche, especially when read in conjunction with the allegations made against Defendant O'Niel, are sufficient to state a claim upon which relief can be granted.

Qualified immunity is an affirmative defense, but, when raised, the plaintiff must demonstrate that the law was clearly established. *See Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007). However, the plaintiff is not required to plead and prove that the defendants had actual knowledge of the constitutional right. The issues to be considered by the court are "whether (i) [the plaintiff] has alleged the violation of a constitutional right by [the defendants] and (ii) that right was clearly established at the time such that a reasonable person would have known that his conduct violated the law." *Id.* Qualified immunity "will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996). All of the complaint's factual allegations must be accepted as true and viewed in the light most favorable to the plaintiff. *See Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008); *Hafley*, 90 F.3d at 267. There is no heightened pleading requirement in § 1983 suits against individuals. *See Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). At this early stage of the proceeding, and based solely on Plaintiff's allegations, it does not appear that Defendant Wiche is entitled to qualified immunity.

Finally, Defendant Wiche has moved, in the alternative, to strike unidentified portions of the second amended complaint as immaterial, irrelevant, or scandalous. Because she has not identified any particular allegations that should be stricken, this alternative motion will be denied.

6

IT IS ORDERED that:

1.	Defendant Leanne Wiche's motion to dismiss, or, in the alternative, to strike (filing 29) is granted in part and denied in part, as follows:

    A.	All claims alleged against Defendant Leanne Wiche in her official capacity are dismissed.

    B.	In all other respects, the motion is denied.

2.	On the court's own motion, all named defendants except Leanne Wiche, Paul Schaub, Tom Soontug, and Stephen O'Niel are dismissed from the action.

3.	To proceed with this action against the defendants Paul Schaub, Tom Soontug, and Stephen O'Niel, Plaintiff must obtain service of process upon them no later than December 5, 2008. For this purpose, the Clerk of the court shall send THREE summons forms and THREE USM-285 forms to Plaintiff, together with a copy of this memorandum and order. If Plaintiff desires to proceed against these individuals, he must, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the completed forms, service of process cannot occur.

4.	Upon receipt of the completed forms, the Clerk of the court will sign the summons, to be forwarded with a copy of the second amended complaint, to the United States Marshal for service of process. The Marshal shall serve the summons and second amended complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law, in the discretion of the Marshal. The Clerk of the court will copy the second amended complaint, and Plaintiff does not need to do so.

5. If Plaintiff fails to obtain service of process on Paul Schaub, Tom Soontug, or Stephen O'Niel by December 5, 2008, then, without further notice, this action will be dismissed without prejudice as against any unserved defendant.

6. The Clerk of court is directed to set a pro se case management deadline using the following text: "December 5, 2008: Deadline for service of summons."

October 29, 2008. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge