IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:07CV498 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEANNE WICHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on 25 separate Motions filed by Plaintiff. As set forth below, all of the Motions are denied.

**I.     Motions Regarding Cell Phone Use**

Plaintiff filed two Motions requesting that the court require officials at the Norfolk Regional Center to permit Plaintiff the unlimited use of a cellular telephone and unlimited internet access. (Filing Nos. 27 and 63.) Plaintiff states that this is necessary in order to preserve his constitutional right to "free contact with any person outside a state hospital." (Filing No. 63 at CM/ECF p. 1.) The court is aware of no such constitutional right.[1]  Further, Plaintiff requests internet access so that he can visit "legal websites" which enable him to have access to this court's Local Rules.

---

[1] It is clear that Plaintiff is in state custody due to criminal behavior. However, it is unclear whether Plaintiff is "prisoner." *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001) (stating that a person involuntarily committed as a mental patient, and not as a result of a criminal conviction, is not a "prisoner" for the purposes of the PLRA). Regardless, it is worth noting that, although prisoners "may have a right to use the telephone for communication with relatives and friends, prison officials may restrict that right in a reasonable manner." Further, "[a] prisoner has no right to unlimited telephone use." *Benzel v. Grammer*, 869 F. 2d 1105, 1108 (8th Cir. 1989) (citations and quotations omitted).

(*Id.* at CM/ECF p. 1.) If Plaintiff requires a copy of the Local Rules, he can obtain them by contacting the Clerk of the court and submitting payment of $5.00. These two Motions are denied.

## II. Motions for Leave to Amend

In his 20 Motions for Leave to Amend, Plaintiff seeks leave to add claims against additional Defendants. The claims contained in the 20 separate motions appear to be identical, but each Motion relates to a different individual. (Filing Nos. 36-54 and 65.) Federal Rule of Civil Procedure 15(a) provides that the court "should freely give leave [to amend] when justice so requires." However, the Eighth Circuit has held that it is not an abuse of discretion to deny a motion to amend when late tendered amendments involve new theories of recovery or impose additional discovery requirements. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 448 (8th Cir. 1995); *see also Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming denial of leave to amend, although bad faith and dilatory motive were not found, where "amendment sought to add several ... additional counts" and "[e]ven though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters ... which could not have been raised initially").

Plaintiff has already amended his claims twice. (Filing Nos. 11 and 23.) In its Memorandum and Order permitting the most recent amendment to add three Defendants, the court stated "[a]fter filing his second amended complaint, Plaintiff will not be given another opportunity to amend his second amended complaint absent a showing of cause." (Filing No. 19 at CM/ECF p. 2.) Thereafter, Plaintiff attempted to add 22 Defendants, which the court denied. (Filing No. 33 at CM/ECF p. 3.) Here, Plaintiff seeks to add many of the same Defendants. (Filing Nos. 36-54 and 65.) This matter has been pending for nearly a year and a Motion to Dismiss is pending. There does not appear to be any matter "would could not have been raised initially" and

there is no good cause for allowing the amendment at this time. In light of these facts, the Motions for Leave to Amend are denied and the Motion for Summons to serve these Defendants is also denied. (Filing No. 57.)

### III. Other Pending Motions

Plaintiff also filed a Motion for Release from State Custody, in which he seeks release from the Norfolk Regional Center due to "safety concerns." (Filing No. 28.) The court notes that Plaintiff has a separate pending habeas corpus action in which he seeks this identical relief. (Case No. 8:08CV255, Filing No. 1.) Plaintiff filed that separate action after the court dismissed from this action Plaintiff's claims regarding the validity of his confinement. (Filing No. 12.) Because Plaintiff is pursuing these claims in an appropriate habeas corpus proceeding, this Motion is denied.

In his Motion for Copy of Certificate of Notice Form, Plaintiff requests a copy of the "certificate of notice" on Defendant Leanne Wiche. (Filing No. 60.) As Plaintiff has been previously informed, no such document exists. It appears that Plaintiff may be requesting a copy of the executed summons for Defendant Wiche. (Filing No. 20.) The Clerk of the court will be directed to send a copy of this document to Plaintiff.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Motion Concerning Use of a Cell Phone and Motion for Court Orders Regarding Cell Phone (filing nos. 27 and 63) are denied.

2.  Plaintiff's Motions for Leave to Amend (filing nos. 36-54 and 65) are denied.

3.  Plaintiff's Motion for Release from Custody (filing no. 28), Motion for

Summons (filing no. 57), and Motion for Copy of Certificate of Notice Form (filing no. 60) are denied.

      4.     The Clerk of the court is directed to send a copy of the executed summons form for Defendant Leanne Wiche (filing no. 20) to Plaintiff.

      5.     Plaintiff is reminded that his response to the pending Motion to Dismiss (filing no. 68) is due on December 24, 2008.

December 19, 2008.               BY THE COURT:

                                      *s/Richard G. Kopf*
                                      United States District Judge