IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:07CV498 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEANNE WICHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Paul Schaub ("Schaub") and Tom Soontug's ("Soontug")[1] Motion to Dismiss. (Filing No. 68.) Also pending are several other miscellaneous motions filed by the parties.

## I.   MOTION TO DISMISS

### A.   Prosecutorial Immunity

Prosecutors such as Schaub "are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (citations omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996). However, where a prosecutor's actions

---

[1] Defendants state that Soontug is actually Thomas Sonntag. For ease of reference, the court will use "Soontug," but will direct the Clerk of the court to note on the court's official record that Defendant Tom Soontug is "a/k/a Thomas Sonntag."

are investigatory or administrative, that individual is entitled only to qualified immunity. *Id.* The focus in determining the nature of the prosecutor's actions is "whether the [prosecutor's] act was closely related to [her] role as advocate for the state." *Id.* at 1267. The official seeking the protection of absolute prosecutorial immunity "'bears the burden of showing that such immunity is justified for the function in question.'" *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

The court has carefully reviewed the Second Amended Complaint. Liberally construed, Plaintiff alleges that Schaub violated Plaintiff's civil rights by prosecuting him in a mental health commitment case. (Filing No. 23 at CM/ECF pp. 2-4.) This prosecution ultimately led to Plaintiff's commitment to the Norfolk Regional Treatment Center for sex offender treatment. (*Id.*) Plaintiff alleges that Schaub had a role in placing Plaintiff in places where he was mistreated, and "knowingly placing plaintiff in a position where such mental and physical harm can take place over the course of ten years." (*Id.*) Plaintiff further alleges that Schaub failed to take the guardian ad litem's recommendations into consideration during his prosecution of the commitment case and "conspired" to keep him in the Norfolk Regional Treatment Center where he suffered mistreatment. (*Id.* at CM/ECF p. 3.)

There is no indication or allegation that Schaub acted in an administrative or investigatory role in taking the actions complained of by Plaintiff. To the contrary, Schaub's prosecution of Plaintiff, resulting in his confinement in the Norfolk Regional Treatment Center was certainly a "prosecutorial function" and was intimately "associated with the judicial process." Indeed, Schaub's alleged actions in prosecuting Plaintiff, ignoring the guardian ad litem's recommendations, and all other actions were prosecutorial. As such, Schaub is entitled to absolute prosecutorial immunity and the claims against him are dismissed with prejudice.

## **B.    Quasi-Judicial Immunity**

Soontug argues, and is correct, that individuals "who perform quasi-judicial functions are entitled to absolute immunity." *VanHorn v. Oelschlager*, 457 F.3d 844, 846 (8th Cir. 2006) (quotation omitted). As the Supreme Court has stated, this "functional" test means that:

> [A]bsolute immunity is appropriate when an official's functions are similar to those involved in the judicial process, an official's actions are likely to result in lawsuits for damages by disappointed parties, and sufficient safeguards exist in the regulatory framework to control unconstitutional conduct.

*Id.* (citing *Dunham v. Wadley*, 195 F.3d 1007, 1010 (8th Cir. 1999). Allegations of conspiracy, or other "malicious or corrupt acts" do not defeat absolute, quasi-judicial immunity. *Moses v. Parwatikar*, 813 F.2d 891, 893 (8th Cir. 1987).

Here, Soontug is sued in his capacity as the Chairman of the Cheyenne County, Nebraska Mental Health Board. (Filing No. 23 at CM/ECF p. 5.) Mental Health Board members are appointed by the presiding judge of the state district court and serve a four-year term. Neb Rev. Stat. §71-915(1). A Nebraska county's Mental Health Board has the power to issue subpoenas, to administer oaths, and to hold hearings and hear evidence relating to whether an individual is mentally ill or a dangerous sex offender. Neb Rev. Stat. §§71-915(3), 71-924-71-925. Decisions of a Mental Health Board are appealable to the relevant county's district court, and then to the Nebraska Court of Appeals "in accordance with the procedure in criminal cases." Neb Rev. Stat. §71-930.

There is no question that these actions, taken by Soontug as Chairman of the Cheyenne County, Nebraska Mental Health Board, are quasi-judicial. Much like a judge, Soontug and the Mental Health Board weigh evidence, make factual

3

determinations and issue an appealable decision. These actions "are functionally comparable to the duties performed by courts." *VanHorn*, 457 F.3d at 848; *see also Kriz v. 12th Judicial Dist. Bd. of Mental Health*, No. 4:05CV3254, 2008 WL 2568270, at *4 (D. Neb. June 25, 2008) (dismissing case and holding that members of county mental health board are entitled to quasi-judicial immunity). Further, the actions of Soontug and the Mental Health Board are "likely to result in lawsuits for damages by disappointed parties, as illustrated by the instant lawsuit" and "safeguards exist . . . to control unconstitutional conduct," namely, the ability to appeal. *VanHorn*, 757 F.3d at 848. Thus, absolute immunity is appropriate. As set forth above, Plaintiff's claims of conspiracy do not defeat absolute immunity. Further, Plaintiff has not alleged that Soontug acted in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). In light of this, the claims against Soontug are dismissed with prejudice.

## II. OTHER PENDING MOTIONS

Pending before the court is Plaintiff's Motion for Court Settlement as a Whole. (Filing No. 73.) In his Motion, Plaintiff requests that the court force the parties to settle this action for either a sum of money totaling more than $100 million, or for property including "private ship yards," automobiles, airplanes, clothing, personal hygienic items, vitamins, various farm animals and equipment, and other items. (*Id.*) The court does not have the authority to order such a settlement. It is clear from Defendants' response that they do not intend, nor are they able, to settle this matter on these terms. (Filing No. 76.) Thus, the Motion is denied.

Also pending are two Motions in which Plaintiff requests default judgment against Defendant Stephen O'Niel (filing nos. 79 and 85) and Defendant O'Niel's Motion for Leave to File Answer Out of Time (filing no. 81). For good cause shown, the court will permit Defendant O'Niel to file his Answer out of time. Upon receipt of this Memorandum and Order, O'Niel shall file his Answer as a separate document in CM/ECF and shall send a copy of his Answer to Plaintiff. Plaintiff's Motions for

Judgment and Motion for Leave to File Response (filing no. 84) are denied. Defendant's Motion to Continue (filing no. 86) is denied as moot. To the extent the parties wish to conduct discovery and file motions for summary judgment, they should do so only in accordance with the progression order which will be entered separately.

IT IS THEREFORE ORDERED that:

1. Defendants Paul Schaub and Tom Soontug's Motion to Dismiss (filing no. 68) is granted. The claims against Schaub and Soontug are dismissed with prejudice.

2. The Clerk of the court is directed to make a notation on the court's official record that Defendant Tom Soontug is "a/k/a Thomas Sonntag."

3. Defendant Stephen O'Niel's Motion for Leave to File Answer Out of Time (filing no. 81) is granted. Upon receipt of this Memorandum and Order, O'Niel shall file his Answer as a separate document in CM/ECF and shall send a copy of his Answer to Plaintiff.

4. Plaintiff's Motion for Court Settlement as a Whole (filing no. 73), Motion for Judgment (filing no. 79), Motion for Default Judgment (filing no. 85), and Motion for Leave to File Response (filing no. 84) are denied. Defendant's Motion to Continue (filing no. 86) is denied as moot.

5. To the extent the parties wish to conduct discovery and file motions for summary judgment, they should do so only in accordance with the progression order which will be entered separately.

April 14, 2009.　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　*s/Richard G. Kopf*
　　　　　　　　　　　　　　　　United States District Judge