IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | 8:07CV498 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LEANNE WICHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motions for Summary Judgment. (Filing Nos. 125 and 127.) As set forth below, the Motions are granted.

## I. BACKGROUND

Plaintiff Andrew Herzog ("Herzog") filed his Complaint in this matter on December 31, 2007. (Filing No. 1.) Plaintiff thereafter filed an Amended Complaint, which sought to cure the deficiencies of the original Complaint. (Filing No. 11.) On May 1, 2008, the court conducted an initial review of the Amended Complaint, and dismissed all claims and Defendants except for Plaintiff's Fourteenth Amendment "due process claim for prospective injunctive relief alleging that Defendant Leanne Wiche, in her official capacity, forcibly medicated Plaintiff." (Filing No. 12 at CM/ECF p. 7.) Plaintiff thereafter sought numerous opportunities to amend his claims, which the court granted. (Filing No. 19.)

On July 8, 2008, Plaintiff filed his Second Amended Complaint, which is the operative complaint in this matter. (Filing No. 23.) However, the court reviewed the Second Amended Complaint and, based on its previous rulings, determined that the only remaining claims were against Defendants Leann Weich ("Weich"), Paul Schaub

("Schaub"), Thomas Sonntag ("Sonntag"), and Stephen O'Neill ("O'Neill").[1] The court dismissed all other Defendants from this action without prejudice. (Filing No. 33 at CM/ECF p. 7.) Pursuant to their Motion to Dismiss, the court later dismissed Schaub and Sonntag, thus the only remaining Defendants are Weich and O'Neill in their individual capacities only. (Filing No. 88.)

Liberally construed, Herzog alleges that Weich and O'Neill forcibly medicated him in violation of his constitutional due process rights because he was allergic to the medication he was given. (Filing No. 23.) Defendants each filed a Motion for Summary Judgment, arguing that they are entitled to qualified immunity. (Filing Nos. 125 and 127.) Along with their Motions, Defendants also filed an Index of Evidence and Briefs in Support. (Filing Nos. 126, 128, and 129.) Despite having more than four months in which to do so, Herzog did not file an opposition or any other response to Defendants' Motions. (*See* Docket Sheet.) Instead, Herzog filed three separate Motions for Summary Judgment, which simply restate the allegations of his Second Amended Complaint. (Filing Nos. 156, 160, and 162.) However, Herzog did not submit any evidence to support these Motions. (*See* Docket Sheet.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint

---

[1] As set forth in Defendants' Briefs, the actual names of the remaining Defendants are Leann Weich and Stephen O'Neill. The court will direct the Clerk of the court to update the court's records to reflect the actual names of these parties. For clarity, the court will use Defendants' actual names for purposes of this Memorandum and Order.

citations to evidence supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Defendants submitted a statement of material facts in accordance with the court's Local Rules. However, Herzog has not submitted any "concise response" to those facts. Further, Defendants submitted evidence which was properly authenticated by affidavit. Herzog did not. This matter is deemed fully submitted and the material facts set forth by Defendants in their Briefs are "deemed admitted" and are adopted below.

## II.   RELEVANT UNDISPUTED FACTS

1. Herzog is an involuntarily committed patient at the Norfolk Regional Center.

2. At all relevant times, Weich is and was a licensed practical nurse employed at the Norfolk Regional Center in Norfolk, Nebraska.

3. At all relevant times herein, O'Neill is and was a licensed physician psychiatrist employed at the Norfolk Regional Center in Norfolk, Nebraska.

4. Herzog has been found to be a mentally ill person.

5. Pursuant to policy, the Norfolk Regional Center staff would use redirection as a primary step and patient seclusion as an intermediate step before Herzog was placed in restraints.

6. In late December, 2004, Mr. Herzog became violent and tore a drinking fountain off the wall at the Norfolk Regional Center.

7. Herzog was uncooperative with staff redirection at the Norfolk Regional Center when he was violent, including at the time of the December, 2004 incident.

8. Because of Herzog's lack of cooperation, and being unable to redirect Herzog's violent behavior using the less restrictive methods described in the Norfolk Regional Center Policy on Behavior Management Plan, Herzog was placed in restraints at the time of the December, 2004 incident.

9. On or about December 29, 2004, pursuant to doctor's orders, and with Herzog's consent, Weich administered two injections with 50 mg Benedryl and 2 mg Ativan in one of Herzog's thighs, then 10 mg of Haldol in his other thigh, while he was in restraints.

10. Weich and O'Neill do not recall any other incident in which Weich administered an injection of medication to Herzog during a restraint episode.

11. Weich has never administered an injection to Herzog during a restraint episode without his consent.

12. At no time did Herzog inform Weich or O'Neill that he was allergic to any medication he was about to receive.

(Filing Nos. 126 and 128.)

### III.   ANALYSIS

#### A.   Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also* Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

#### B.   Defendants' Motions–Qualified Immunity

Defendants argue that they are entitled to qualified immunity as to all of Herzog's remaining claims because Plaintiff has not shown the violation of a constitutional right. (Filing No. 126 at CM/ECF p. 6; Filing No. 128 at CM/ECF p. 7.) The court agrees and finds that summary judgment in favor of Defendants is

warranted.

### 1. Legal Standards

Qualified immunity is a question of law to be determined by the court and should ordinarily be decided long before trial. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "Public officials, of course, are entitled to qualified immunity from liability for damages under 42 U.S.C. § 1983 if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Domina v. Van Pelt*, 235 F.3d 1091, 1096 (8th Cir. 2000) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In short, "qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information [that the defendant] possessed." *Smithson v. Aldrich*, 235 F.3d 1058, 1061 (8th Cir. 2000) (citations and quotations omitted). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id.* (citations and quotations omitted). Moreover, qualified immunity is "the usual rule" and state actors will enjoy qualified immunity in all but "exceptional cases." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).

The court focuses on two questions to determine whether a state official is entitled to qualified immunity: "(1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand that their conduct was unlawful . . . ." *Henderson v. Munn*, 439 F.3d 497, 501 (8th Cir. 2006) (citations and quotations omitted). Thus, the "initial inquiry is whether the facts as alleged show that the officers' conduct violated a constitutional right. . . . If the facts do not show a violation, [a court] need not proceed further with the qualified immunity analysis." *Brockinton v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007).

6

### 2. Deprivation of a Constitutional Right

Liberally construed, Plaintiff alleges that Defendants violated his Fourteenth Amendment substantive due process rights when they administered certain medications. (Filing No. 23.) Under the due process clause of the Fourteenth Amendment, involuntarily committed individuals have liberty interests entitling them to safety, freedom from bodily restraint, and adequate care while in confinement. *Youngberg v. Romeo*, 457 U.S. 307, 318-19 (1982). However, these rights are not absolute, and "[s]ubstantive due process offers only limited protections and only guards against the exercise of arbitrary and oppressive government power." *Beck v. Wilson*, 377 F.3d 884, 890 (8th Cir. 2004) (quotation omitted). Indeed, to "rise to the level of a substantive due process violation," the conduct complained of "must be so egregious or outrageous that it is conscience-shocking." *Id.* (quotation omitted). Simple negligence "is categorically beneath the threshold" of a substantive due process violation. *Id.* (quotation omitted).

To determine whether an involuntarily committed patient has been deprived of adequate care, courts use the professional judgment standard established in *Youngberg*. *Youngberg*, 457 U.S. at 323; *see also Kulak v. City of New York*, 88 F.3d 63, 75 (2d Cir. 1996) (applying the professional judgment standard to an involuntarily committed patient's claim that hospital employees improperly medicated him and failed to monitor the effect of the medication). As set forth by the Eighth Circuit, in reliance on *Youngberg*:

> When professionals are sued in their individual capacity, the Supreme Court has declared that courts must balance "the liberty of the individual" against the relevant state interest in determining whether an involuntarily committed individual's constitutional rights have been violated. *Youngberg*, 457 U.S. at 324, 102 S.Ct. 2452. The Court has emphasized that "decisions made by the appropriate professional are entitled to a presumption of correctness . . . to enable institutions of this

7

type-often, unfortunately, overcrowded and understaffed-to continue to function." *Id.* Because decisions made by a professional are presumptively valid, the Supreme Court explained "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323.

*Beck*, 377 F.3d at 890.

Here, Herzog has not shown that Defendants substantially departed from the accepted practice when they injected him with medication in December, 2004. The undisputed facts show that Herzog was uncooperative when violent, including at the time of the December, 2004, incident. Herzog tore a drinking fountain from the wall and his behavior could not be redirected without medication. Thus, Weich, at the direction of O'Neill, injected three separate medications into Herzog's thighs, with his consent and while he was restrained. Neither Weich nor O'Neill were aware that Herzog was allergic to any of the medications he was given, nor is there is any evidence before the court that Herzog was actually allergic. Regardless, even if Herzog had set forth evidence showing that he was allergic to Benadryl, Haldol, or Ativan, the administration of these drugs would have been negligence at best. As set forth above, negligence is insufficient to sustain a substantive due process claim.

In short, Weich and O'Neill exercised their professional judgment in restraining and medicating Herzog after he engaged in extremely violent behavior. There is nothing "conscience shocking" about Weich's or O'Neill's actions. Indeed, nothing in the undisputed evidence before the court shows that either Weich or O'Neill substantially departed from "accepted professional judgment, practice, or standards." *Youngberg*, 457 U.S. at 323. In light of these findings, Herzog has not established that Defendants violated his Fourteenth Amendment rights and there is no need to proceed with the second part of the qualified immunity analysis. Defendants are entitled to qualified immunity and the claims against them in their

8

individual capacities are dismissed.

IT IS THEREFORE ORDERED that:

1. Defendant Leann Weich's Motion for Summary Judgment (filing no. 125) and Defendant Stephen O'Neill's Motion for Summary Judgment (filing no. 127) are granted. Plaintiff's claims against Weich and O'Neill in their individual capacities are dismissed with prejudice.

2. All other pending motions are denied.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

4. The Clerk of the court is directed to update the court's records in this matter to reflect the actual names of the remaining Defendants. Defendant Leanne Wiche is actually Leann Weich and Defendant Stephen O'Niel is actually Stephen O'Neill.

November 23, 2009.                    BY THE COURT:

                                      *Richard G. Kopf*
                                      United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.